**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEANN SEXTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  08 C 984 |
| | ) | |
| v. | ) | |
| | ) | Charles P. Kocoras |
| VILLAGE OF FOREST VIEW, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendants, Dr. J. Scott Denton, Marvin Menconi, and Anthony Ortiz of

the Cook County Medical Examiner's Office, and the County of Cook ("County

Defendants") by their attorney, RICHARD A. DEVINE, State's Attorney of Cook

County, through his Assistant State's Attorney, Daniel J. Fahlgren, and

pursuant to Rule 12(b) 6 of the Federal Rules of Civil Procedure, move to

dismiss the First Amended Complaint for failure to state a claim upon which

relief can be granted.  In support thereof, the County Defendants state as

follows:

**I. INTRODUCTION**

Plaintiff Leann Sexton brings this action against the Village of Forest

View, its police department (FVPD) and several individual Forest View and

FVPD employees, the Village of Brookfield, its police department (BPD) and

several Brookfield and BPD employees, and movants, the County of Cook J. Scott Denton, M.D., Marvin Menconi, and Anthony Ortiz, employees of the Cook County Medical Examiner's Office. Plaintiff alleges four theories of liability under Section 1983: Fourteenth Amendment Equal Protection and Due Process claims in the First and Second Claims, Fifth and Fourteenth Amendment violation claim alleging Failure to Supervise and Control in her Third Claim; Fifth and Fourteenth Amendment Due Process claim in the Fourth Claim. (First Amended Complaint, pp. 12-14) Plaintiff alleges Illinois tort law claims of "Defamation, Libel Slander and False Light" in her Fifth Claim. (*Id.* at 14)

Plaintiff's allegations are veiled in a confusing narrative which weaves conversations, quotes from official reports and conjecture relating to the investigation of her mother's suicide on February 1, 2007. (First Amended Complaint, pp. 6-12) The following is a summary of Plaintiff's allegation, accepted as true for purposes of this motion:

Plaintiff found her mother hanging by the neck in the basement of her home. (*Id.* at 6) Plaintiff cut the electrical cord which was tied around her mother's neck and set the body in a chair. (*Id.* ¶20) Paramedics from Forest View fire department arrived at the home. (*Id.* ¶21) Defendant Sergeant Gale of the Forest View Police Department arrived at the home at sometime while paramedics worked on her mother. (Id. ¶23) Paramedics unsuccessfully worked

to revive her mother (*Id.* ¶21) Plaintiff's mother's body was taken to MacNeal Hospital where she was pronounced dead on arrival. (*Id.* ¶22)

Sgt. Gale wrote in his report that Plaintiff told him that she arrived home and found her mother slumped in a chair, and not hanging from an electrical cord. (*Id.* ¶24)Plaintiff alleges that this was a knowingly false statement by Gale. (*Id.* ¶25) At MacNeal Hospital, Gale reported to Dr. Wadley that the death was by natural causes, and Dr. Wadley told Gale he would put "natural causes" on the death certificate. (*Id.* ¶22) However, when Dr. Wadley examined the body he found a ligature mark on the neck and refused to opine that the cause of death was "natural." (*Id.*)

Plaintiff's mother's body was taken to a funeral home without a death certificate. (*Id.* ¶27) The funeral director Kulasik, Plaintiff's brother-in-law, indicated that he could not accept the body without a proper death certificate, and called the Cook County Medical Examiner's office. (*Id.* ¶22) Kulasik spoke to Defendant Marvin Menconi, an investigator for the Medical Examiner's office, and told him " '[Plaintiff's mother] did not expire from natural causes and actually committed suicide by hanging' " and that "it was common knowledge that Plaintiff '…had cut…[Plaintiff's mother] down, and removed the ligature." (*Id.* ¶27) [sic]

Defendant Investigator Ortiz of the Cook County Medical Examiner's office wrote a report which included a telephone conversation during which

Plaintiff identified herself as a Brookfield Police Officer to Menconi, and told

Menconi that Plaintiff "discovered her mother on a chair in the basement,

unresponsive." (*Id.* ¶29) Plaintiff denies that she ever had this conversation

with Menconi, and alleges that Ortiz included it in the report to cover up Sgt.

Gale's false statements. (*Id.* ¶27)

Defendants Dr. Denton, formerly Interim Chief Medical Examiner of Cook

County, and the County of Cook, move to dismiss the complaint against them

because Plaintiff fails to state a valid Section 1983 claim against them in either

an individual or official capacity. The County Defendants all move dismiss the

First through Fourth Claims in the First Amended Complaint because

defendants are entitled to qualified immunity from these claims. All County

defendants move to dismiss the Fifth Claim under Illinois tort law as untimely

under the Illinois Tort Immunity Act.

## II     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) (6) authorizes dismissal of

complaints that do not state an actionable claim. The Seventh Circuit

reaffirmed the "liberal system of notice pleading" in civil rights actions brought

under 42 U.S.C. § 1983. *McCormick v. City of Chicago, et al.*, 230 F. 3d 319,

323 (7th Cir. 2000), *citing Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit,* 507 U.S. 163, 164 (1993). However, a court is not required

to "ignore any facts set forth in the complaint that undermine the plaintiff's

claim…" *Martin v. Davies,* 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v.*

*Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not

strain to find inferences not plainly apparent from the face of the complaint.

*Coates v. Illinois St. Bd. of Ed.,* 559 F.2d 445, 447 (7th Cir. 1988).

### III  ARGUMENT

**A.      Plaintiff Has Not Alleged Any Acts or Omissions By Defendant
J. Scott Denton Sufficient To State A Section 1983 Individual
Capacity Claim.**

Plaintiff sues Interim Chief Medical Examiner of Cook County J. Scott

Denton in both his individual and official capacities. (First Amended

Complaint, ¶17) Plaintiff does not allege any individual involvement by Dr.

Denton in the alleged constitutional violation described in the First Amended

Complaint. For this reason, he and the County of Cook as his employer should

be dismissed from this case.

To hold a defendant individually liable for damages due to alleged

constitutional deprivations, substantive allegations of personal involvement on

the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th

Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held

liable in a § 1983 action unless he caused or participated in an alleged

constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th

Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)

(emphasis in original). A Plaintiff must demonstrate that the official "knowingly,

willfully, or at least recklessly caused the alleged deprivation by his action of

his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986)

Plaintiff's allegations must be substantive and go beyond merely placing a

defendant's name in the caption of the complaint, *Potter v. Clark*, 497 F.2d

1206 (7th Cir. 1974). A defendant cannot be held liable by virtue of his

employment or supervision of individuals who are alleged to have engaged in

unconstitutional conduct. *Rizzo v. Goode,* 423 U.S. 362, 377, (1976).

Because the doctrine of *respondeat superior* does not apply in § 1983

actions, it is not enough for plaintiff to allege wrongdoing on the part of

defendant's subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th

Cir. 1988). Vicarious liability is insufficient to hold the employer or supervisor

responsible merely because of his position. *Monell v. New York City Department*

*of Social Services*, 436 U.S. 658, 691 (1978).

There are no allegations that Dr. Denton participated in the alleged

violations of Plaintiff's constitutional rights. Plaintiff is attempting to hold Dr.

Denton individually liable in this case based solely on the alleged false

representations of Investigator Menconi's conversation with Plaintiff in

Investigator Ortiz's report. There are no allegations that Dr. Denton acted, or

failed to act, with reckless disregard for the Plaintiff's constitutional rights. In

fact Plaintiff only alleges that Dr. Denton performed the autopsy on her

mother's body which correctly stated the cause and manner of death as suicide

by hanging. (First Amended Complaint, ¶22)

Plaintiff claims that Ortiz and Menconi were part a conspiracy to falsely record her statements during the investigation of her mother's death, but does not allege that Dr. Denton had any involvement in the alleged conspiracy.

Finally there is no allegation in Plaintiff's complaint that Dr. Denton directed or consented to the violations Plaintiff alleges. Because Plaintiff fails to state a cause of action against Dr. Denton in his individual capacity, Claims First through Fourth of the First Amended Complaint should be dismissed against Dr. Denton.

### B. Plaintiff Has Not Stated a Section 1983 Official Capacity Claim against Dr. Denton or Cook County

Plaintiff also fails to state a claim in the First, Second, Third or Fourth Claim against Dr. Denton in his official capacity as Interim Chief Medical Examiner of Cook County. Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id.*

Courts have has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an

express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown,* 520 U.S. 397, 404 (1997); *Polk County v. Dodson,* 454 U.S. 312 (1981).

In addition, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Although a plaintiff is not held to a heightened standard of pleading in order to state a *Monell* claim, his official capacity claim must at a minimum include allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity. *McCormick v. City of Chicago, et al.,* 230 F. 3d 319, 325 (7th Cir. 2000).

Even applying the liberal notice pleading standard, Plaintiff's allegations are insufficient to state an official capacity claim against Dr. Denton. Plaintiff describes only an isolated incident of alleged false reporting in Inv. Ortiz's report. (First Amended Complaint, ¶29) Without more, this insufficient to state

a Section 1983 official policy claim against Dr. Denton. *Sivard*, 17 F.3d at 188.

Plaintiff does not allege that a policy for which Dr. Denton is responsible

caused her to suffer a violation of her constitutional rights. In fact, except for

stating that Dr. Denton correctly concluded that Plaintiff's mother committed

suicide, Plaintiff does not allege any policy or practice for which Dr. Denton is

responsible.

Plaintiff fails to allege that a policy, custom, or practice for which Dr.

Denton is responsible was a cause or contributing cause of her alleged

constitutional injury. Accordingly, under *Monell, McCormick, Baxter by Baxter*

and their progeny, Plaintiff fails to state an official capacity claim pursuant to

42 U.S.C. § 1983, and Dr. Denton should be dismissed from this case.

### C.  The County Defendants Are Entitled To Qualified Immunity From Plaintiff's Section 1983 Claims

County Defendants are entitled to qualified immunity because the

alleged conduct of Investigators Menconi and Ortiz and Dr. Denton cannot be

construed as violating any conceivable clearly established constitutional right

enjoyed by Plaintiff.

Qualified immunity protects government officials from monetary liability

when their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.

*Kitzman-Kelley v. Warner*, 203 F.3d 454, 457 (7th Cir. 2000), citing *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity provides not only a

defense to liability but also immunity from suit. *Id., citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This protection is afforded public officials in order to protect them from the expenses of litigation and the diversion of official energy from pressing public issues, and the deterrence of able citizens from accepting public office. *Id.*

Menconi is alleged to have conversed with Plaintiff's brother-in-law the funeral director about suicide apparently having been the manner of death. (*Id.* ¶29) Plaintiff Ortiz is alleged to have written a report for the Medical Examiner's office which included Menconi's conversation with Plaintiff about how she found the body and her being a Brookfield Police Officer. (*Id.* ¶29) Dr, Denton is only alleged to have conducted an autopsy that confirmed the funeral director's suspicions and Plaintiff's allegation that her mother committed suicide. (*Id.* ¶22)

Plaintiff titles her claims as Equal Protection and Due Process Claims, without alleging any basis for holding the County defendants liable for violating those rights. Plaintiff merely states that the "acts of the defendants" violated her rights. The acts of Dr. Denton in performing the autopsy and recording the correct cause of death, and Investigators Menconi and Ortiz in including in their report the conversation Menconi had with Plaintiff, did not violate clearly established constitutional rights of which a reasonable person would have known. There is no nexus alleged between the acts of the County defendants

and Plaintiff's claim that she was fired without receiving due process from the

Village of Brookfield.

Qualified immunity serves as an independent basis for the dismissal of

an action and as its application is appropriate even before discovery has taken

place. Accordingly, the County Defendants request that Plaintiff's First through

Fourth Claims of the First Amended Complaint be dismissed as against them.


D.          **The Illinois Tort Immunity Act One-Year Statute of
            Limitations Applies to Plaintiff's Illinois Law Claim–The Fifth
            Claim Should Be Dismissed As Untimely**

The County Defendants move to dismiss the Fifth claim brought under

Illinois Law for defamation, libel, slander and false light as untimely.

In the Fifth Claim of her First Amended Complaint Plaintiff alleges that

defendants' actions were "defamatory, libelous, slander and otherwise [held]

Plaintiff out to the public in a false light." This claim is not brought pursuant to

Section 1983, but under Illinois tort law.

The County of Cook, as a local governmental entity, and Cook County

Chief Medical Examiner Denton and Investigators Menconi and Ortiz, as local

governmental employees are entitled to the immunities set forth in the Local

Governmental and Governmental employees Tort Immunity Act (Tort Immunity

Act) 745 ILCS 10/1-101 *et seq,.* The Tort Immunity Act sets a one-year time

limit for the filing of civil actions against Local Governmental entities and their

employees. 745 ILCS 10/8-101. This provision contains no exceptions,

11

limitations or conditions, and the Court should apply it as written. *Hernandez v.*
*Kirksey*, 306 Ill.App. 3d 912, 914-915, 715 N.E.2d 669, 672 (1st Dist.1999).

The First Amended Complaint alleges that defendants Ortiz and Menconi
misrepresented Plaintiff's statements in their ME investigative report. (First
Amended Complaint ¶29) Plaintiff also alleges that she learned of these allegedly
false statements at a meeting with co-defendants Shoenfeld, Leh, Robbins on
February 12, 2007, during which she was given a letter stating that they were
seeking her resignation. (First Amended Complaint, ¶¶34-35) The letter
specifically listed the statements that ME office Investigators Menconi and Ortiz
attributed to her (i.e. that she told them she was a police officer and that she
found her mother sitting in the chair) among the reasons for Plaintiff's
requested resignation. (*Id.* at ¶38)

The statute of limitations on Plaintiff's Fifth Claim under Illinois law
began running when Plaintiff knew or reasonably should have known of the
injury that is the basis of the action. *Wilson v. Gieson*, 956 F.2d 738, 740 (7th
Cir. 1992) Plaintiff knew that the statements made in the ME Investigators
report which she believed to be false were the cause for her alleged wrongful
termination when she received the letter at the meeting on February 12, 2007.
The one-year statute of limitations as stated in The Immunity Act expired
therefore expired on February 12, 2008. Plaintiff filed the original complaint in
this case on February 15, 2008. (PACER Document 1) Therefore, the statute of
limitations had already expired, and the state law claims in the Fifth Claim

12

should be dismissed as to all County Defendants as untimely.

## IV    CONCLUSION

WHEREFORE, for all of the reasons stated above, the First Amended

Complaint should be dismissed against Defendants County of Cook, J. Scott

Denton, M.D. Marvin Menconi and Anthony Ortiz.


Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:  *s/Daniel J. Fahlgren*
     Daniel J. Fahlgren
     Assistant State's Attorney
     500 Richard J. Daley Center
     Chicago, IL 60602
     (312) 603-3304
     6201163

13