90/08-5839.DW.mew

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEANN SEXTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 08 C 984 |
| ) | |
| VILLAGE OF FOREST VIEW, an Illinois ) | Judge Charles P. Kocoras |
| Municipal Corporation; and GLEN DAVID; ) | |
| and JEFFREY GALE, Both in Their Individual ) | Magistrate Maria Valdez |
| and in Their Official Capacities as Officers of ) | |
| the VILLAGE OF FOREST VIEW POLICE ) | |
| DEPARTMENT; and LESTER ANTOS; ) | |
| RALPH RIHA; and DAVID DELORENZO, ) | |
| Both in Their Individual and Their Official ) | |
| Capacities as Officers of the VILLAGE OF ) | |
| FOREST VIEW FIRE DEPARTMENT; ) | |
| VILLAGE OF BROOKFIELD, An Illinois ) | |
| Municipal Corporation; and THOMAS ) | |
| SCHOENFELD; MICHAEL MANESCALCHI; ) | |
| JEFFREY LEH; and MICHELLE ROBBINS, ) | |
| Both in Their Individual and in Their Official ) | |
| Capacities as Officers of the VILLAGE OF ) | |
| BROOKFIELD POLICE DEPARTMENT; ) | |
| COUNTY OF COOK, an Illinois Municipal ) | |
| Corporation; and J. SCOTT DENTON; ) | |
| ANTHONY ORTIZ; MARVIN MENCONI, ) | |
| Both in Their Individual and in Their Official ) | |
| Capacities as Officers of the COUNTY OF ) | |
| COOK, OFFICE OF THE MEDICAL ) | |
| EXAMINER, ) | |
| ) | |
| Defendant. ) | |

**FOREST VIEW DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

**INTRODUCTION**

1

The core of Plaintiff's lawsuit alleges that Defendants defamed her by creating lies about the nature of her mother's death in their respective reports and those lies were relied upon by her employer, the Village of Brookfield. Stripped of all the conclusory allegations of conspiracy, Plaintiff's mind boggling complaint is nothing more than a garden-variety defamation suit which is not actionable under Section 1983. *Paul v. Davis*, 424 U.S. 693 (1976).

As argued more fully below, the complaint does not put the Defendants on notice and does not show a plausible claim of relief. The facts that the Plaintiff does provide are insufficient to establish a conspiracy at all, much less a conspiracy designed with the purpose of violating her constitutional rights. Moreover, the First Amended Complaint fails to state claims for equal protection and due process violations, and there is no predicate upon which to base the conspiracy claim [1]

## ARGUMENT

**I.   Plaintiff's Complaint Fails To Sufficiently State A Claim For Conspiracy.**

Federal pleading entitles a defendant to fair notice of the plaintiff's claim so that he can prepare responsive pleadings. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). Although the federal pleading standard is notice pleading and conspiracy is not something that must be plead with anymore factual specificity than any other claims, when a case is complex or convoluted, as it is here, there must be more than conclusory allegations of a conspiracy

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). For complaints involving complex litigation, a fuller set of factual allegations may be necessary to show that relief is plausible. *Id*. The allegations in the complaint must plausibly suggest that the

---

[1] Defendant adopts the statement of facts in the introduction in County Defendants' memorandum of law in support of their motion to dismiss the first amended complaint.

2

plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Tamayo v. Blagojevich*, 2008 WL 2168638, at * 7 (7th Cir. May 27, 2008) citing *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d. 773 (7th Cir. 2007).

To establish a claim for conspiracy, the plaintiff must allege "that the conspirators agreed to inflict injury upon him; in other words, that they acted with a single plan, the general nature and scope of which was known to each conspirator." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *Hernandez v. Joliet Police Department*, 197 F.3d 256, 263 (7th Cir. 1999). The complaint must allege enough factual matter which, if taken as true, would suggest that an *agreement* had been made. *Tamayo*, 2008 WL 2168638, at * 5. To survive a motion to dismiss in a conspiracy claim, pleading more is required than a claim of entitlement to relief. *Id.* For a conspiracy claim it is "wholly uninformative" merely to allege a conspiracy; a plaintiff must therefore plead the parties, general purpose, and approximate dates of the conspiracy to give the defendant notice of the claim. *Loubser v. Thacker*, 440 F.3d. 439, 442 (7th Cir. 2006). This information allows the court to determine at the start of litigation, before any discovery is undertaken, whether the plaintiff has a plausible claim, and a "bare allegation" of conspiracy is insufficient under Federal Rules of Civil Procedure 8(a). *Id.*

The Plaintiff's complaint contains insufficient allegations to state a plausible claim for conspiracy. The Plaintiff claims that the Defendants were part of a conspiracy to allegedly falsify her statements in the police and firefighter's report in order to get her fired as a record clerk of the Village of Brookfield. It is absurd to think that the Defendants anticipated the death of the Plaintiff's mother and then agreed in advance to manufacture lies about the cause of death with the aim to get the Plaintiff fired from her job as a records clerk.

Additionally, the Plaintiff has not provided detailed facts to put Defendants on notice of how and when the conspiracy was formulated and what the conspiracy was even about. Plaintiff has failed to indicate the nature of the defendant's agreement with the other defendants or how all the Defendants involved could have conspired with each other and agreed to deprive her of her constitutional rights. The Plaintiff has failed to plead the general purpose and the approximate dates of the conspiracy in order to give the Defendants notice of the claim; therefore, the Plaintiff's complaint should be dismissed because the Plaintiff has failed to allege a plausible claim of relief for conspiracy.

**II. Employment Based Equal Protection Discrimination, Cannot Be Based On a Class of One Theory In the Public Employment Context.**

The Supreme Court in *Engquist v. Oregon Department of Agriculture* has overruled prior decisions of this court by holding that the class of one theory of equal protection does not apply in the public employment context. *Engquist v. Oregon Department of Agriculture*, 2008 WL 2329768, at * 8 (2008). For that reason, Count I, which is a class of one equal protection claim, fails to state a cause of action and should be dismissed.

**III. Since The Complaint Shows That The Plaintiff Was Apprised Of The Reasons For The Termination Of Her Employment And Was Given The Opportunity For An Abbreviated Pre-Termination Hearing And Since Illinois Law Provides For A Post-Termination Hearing In The Form Of The Common Law *Writ Of Certiorari*, Courts II And IV Of The Complaint Fail To State Claims Upon Which Relief May Be Granted.**

Although the Forest View Defendants did not employ the Plaintiff, she maintains that these Defendants were part of a conspiracy to terminate her employment. These Defendants have standing to raise the issue of whether the termination of her employment was unconstitutional because where there does not exist an underlying constitutional violation, there

4

cannot be an actionable conspiracy under §1983.  *Cefalu v. Village of Elk Grove*. 211 F.3d 416, 423 (7th Cir. 2000).

The most recent opinion from this circuit addressing the scope of the hearing which must be provided to an employee under the due process clause in connection with her termination is *Michalowicz v. Village of Bedford Park*, ___F.3d ___ (7th Cir. 2008), no. 06-3857 (June 11, 2008).  In that case, the court affirmed a motion to dismiss and held that since a village firefighter, who had a property right in his employment, had an abbreviated pre-termination hearing and there existed post-termination review under the Administrative Review Act (735 ILCS 5/3-101 *et seq.*), the firefighter was given due process.

The court set forth the threshold inquiry as follows:

> Because the relevant constitutional question is whether sufficient state-law protections *exist*, not whether sufficient protections were *afforded*, '[a] complaint does not state a valid procedural due process objection . . . if it does not include a challenge to the fundamental fairness of the state procedures.'  (op. at p. 5-6) (emphasis in original).

The court observed that while an employee with a protected property interest is entitled to both pre-deprivation and post-deprivation process, the court first analyzed the adequacy of the post-termination hearing procedures because the adequacy of the pre-termination procedures depends on the extend of the post-termination procedures (*Id.* at p. 6).

Addressing first the post-deprivation remedy available, the court noted that the remedy of administrative review under the Illinois Administrative Review Act, 735 ILCS 5/3-101 *et seq.*, was an adequate post-termination remedy even though the judicial review was "on the record" and the court would make a determination whether the conclusions were against the manifest weight of the evidence.  (*Id.* at p. 8).  The court also observed that bias of the hearing board

could be addressed by the court on administrative review and concluded that the Plaintiff had stated a due process claim arising from his post-termination hearing. (*Id.* at p. 10).

Under Illinois law, "[a] common law *writ of certiorari* is a general method for obtaining circuit court review of administrative agencies when the act conferring power on the agency does not expressly adopt the Administrative Review Law and provides no other form of review." *Finnerty v. Personnel BD. of City of Chicago*, 303 Ill.App.3d 1, 8, 707 N.E.2d 600, 606 (1999). "The standards of review are essentially the same under a common law *writ of certiorari* and the Administrative Review Law." (*Id.*). Thus, since the common law writ is available and provides essentially the same protections as does the Administrative Review Act, it must follow that the common law remedies which the Illinois courts provide satisfy due process in connection with the post-determination procedures. And, as noted, in the introductory portion of this Part, the question is not what procedures were afforded, but rather what procedures were available under Illinois law.

Addressing the pre-termination process, the court noted that "in its truncated form," an employee need only receive oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story. (*Id.* at p. 12). There was no constitutional requirement that the employee be given an opportunity to conduct discovery, present evidence and witnesses, or confront and cross-examination witnesses against him. (*Id.*). Nor was there a requirement that the employer present evidence. (*Id.*)

In connection with the pre-termination hearing, the complaint alleges that the plaintiff did receive a notice of a pre-termination hearing (First Amended Complaint, ¶35) and that the basis for the charges was that on February 1, 2007, the Plaintiff had obstructed a police investigation

by "providing false statements to Investigators of the Forest View Police Department and [that Plaintiff] falsely identified [herself] as a Brookfield Police Officer to the Cook County Medical Examiner's Office." (FAC ¶38).

The complaint does not allege that the Plaintiff did not have an opportunity to tell her side of the story, presumably because she chose to resign; but as noted above, the issue is what procedure was available. And that she may have been given the opportunity to resign rather than avail herself of the hearing does not taint the hearing. *Allen v. Board of TR. of Comm. Coll. Dist. No.*, 508, 258 Ill.App.3d 1031, 1035, 675 N.E.2d 187, 190 (1996).

Counts II and IV are both due process claims and appear to be redundant of each other. However, if the Plaintiff maintains that the accusations made by the Forest View Defendants that the Plaintiff had lied in connection with the investigation give rise to a due process claim, that contention has been categorically rejected by the Court. *Paul v. Davis*, 424 U.S. 793, 96 S.Ct. 1155 (1976). The due process claims must be dismissed.

    **IV.**    **Allegations Made By The Forest View Defendants That The Plaintiff Had Lied Which Formed The Basis Of The Termination Of The Employment Of The Plaintiff Involve Constitutionally Protected Activity And Are Insufficient To Give Rise To A Claim.**

Not every act of a public official taken in retaliation for an individual's exercise of rights secured by the First Amendment is actionable under Section 1983. *Suarez Corp. Industries v. McGraw*, 202 F.3d 676 (4th Cir. 2000); *Baltimore Sun Co. v. Ehrlich*, 437 F.3d 410 (4th Cir. 2006); *Rees v. Dahl*, 24 Fed. Appx. 907 (10th Cir. 2001); *Mnyofu v. Board of Ed. of Rich Twp. H.S. Dist. 227*, 2007 WL 1308523 (N.D. Ill. 2007) (J. Grady); *Villagrana v. Village of Oswego*, 2005 WL 2322808 (N.D. Ill. 2005) (J. Lefkow).

"[W]here a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction or adverse regulatory

7

action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights, even if defamatory." *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 687 (4th Cir. 2000). The basis for this rule is recognition "that a balance must be struck between the citizen's right to exercise his First Amendment rights and the public official's personal First Amendment rights, as well as his duty to the public to speak out about matters of public concern." (*Id.*, 202 F.3d at 688 n. 13).

In *Suarez*, the Court held that public accusations made by the attorney general's office that the plaintiff, a direct marketer, was cheating and victimizing the public and was engaging in a scam were insufficient to give rise to an action for retaliation under Section 1983, even though the commercial speech of the plaintiff was constitutionally protected. "The nature of the alleged retaliatory acts has particular significance where the public official's acts are in the form of speech. Not only is there an interest in having public officials fulfill their duties, a public official's own First Amendment speech rights are implicated." (*Id.*, 202 F.3d at 687).

Judge Grady, relying upon *Suarez*, adopted the same objective chill standard in *Mnyofu v. Board of Ed.*, 2007 WL 1308523 (N.D. Ill. 2007). The plaintiff, a parent of a student at the school district, was vocal at various board meetings and claimed that board members retaliated against him. As part of the plaintiff's retaliation claim, Judge Grady stated that it was incumbent upon the plaintiff to establish "'that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity . . . .'" (*Id.* at p. 1). Expressed hostility by the board members, instituting policies to restrict citizen participation at board meetings, and failing to stop other members of the public from heckling the plaintiffs were insufficient, under *Suarez*, to give rise to a retaliation claim against Section 1983.

Similar to the facts in this case, the plaintiff, in *Villagrana v. Village of Oswego*, 2005 WL 2322808 (N.D. Ill. 2005) (J. Lefkow), was a police officer employed by the Kendall County Sheriff's Department. The free speech at issue in that case were accusations made by the plaintiff against an Oswego police officer that she was engaging in race-based actions. In retaliation, the police officer and other members of the department were alleged to have made false and disparaging statements about the plaintiff to the sheriff's department. Relying upon *Suarez*, as well as the opinions from the five different circuits cited in *Suarez*, the Judge Lefkow recognized that "'where a public official's alleged retaliation is the nature of speech, in the absence of threat, coercion or intimidation intimating that punishment, sanction or adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights.'" (*Id.* at p. 3). The Court dismissed the complaint observing that even if the Court were to infer "that the Village police officers advocated that the [sheriff's department] sanctioned or dismissed Villagrana, absent a threat, intimidation or coercion, their advocacy is constitutionally protected." (*Id.* at p. 4).[2]

Under the foregoing authorities, the conduct of the Forest View Defendants is constitutionally protected speech. It is submitted that this court should reach the same conclusion as did Judge Lefkow in holding that the speech at issue is constitutionally protected and is insufficient to give rise to a constitutional claim. If the speech at issue, because it is protected by the First Amendment could not be the basis of a retaliation claim under the First Amendment, it must follow that the speech at issue in this case cannot be the basis of a Fourteenth Amendment claim founded on either the Equal Protection or Due Process Clauses.

---

[2] The Seventh Circuit has recognized that to be actionable, there must be an objective chill. *Pieczynski v. Duffy*, 875 F.2d 1231, 1333 (7th Cir. 1989). *See also Lifton v. Board of Ed. of City of Chicago*, 416 F.3d 571, 576 (7th Cir. 2005) (citing *Suarez*).

9

**V.    Count V, State Claims For Defamation, Libel, Slander And False Light, Is Barred By The One Year Statute Of Limitations Of The Illinois Tort Immunity**

Defendants adopts the County Defendants argument that the state law claims in Count V should be dismissed as they are barred by the one year statute of limitations in The Tort Immunity Act.

**VI.   The Claims Against Defendant Village of Forest View Should Be Dismissed as the Individual Defendants Did Not Inflict Constitutional Harm**

As explained above, Plaintiff's complaint fails to state a claim against the individual Defendants; therefore, there the Village of Forest View cannot be held liable under Count III. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

**VII.  The Individual Defendants Are Entitled To Qualified Immunity**

Under the doctrine of qualified immunity, public officials who are performing discretionary functions are shielded from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable official would have known. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2515 (2002). "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 599 (2004). "[T]his inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" (*Id.*). The inquiry must be "particularized" based upon the facts confronting the officer, and it must be "'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" (*Id.*). "'[T]he unlawfulness must be apparent.'" *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 620 (7th Cir. 2002). The plaintiff must establish that the right was clearly established. *White v. City of Markham,* 310 F.3d 989, 993 (7th Cir. 2002). The issue is a question of law for the court.

10

*Rakovich v. Wade*, 850 F.2d 1180, 1202 (7th Cir. 1988). That state law was violated (in this case the Illinois common law of defamation) does not mean that immunity is unavailable. *Davis v. Scherr*, 468 U.S. 183, 104 S.Ct. 3012 (1984).

      If the court does find that there is a cause of action, then the Defendants are entitled to qualified immunity as it is not clearly established that the Defendants' actions violated the constitutional rights of the Plaintiff. Admittedly, there are criminal cases where certain due process rights are afforded to the Plaintiff; however, because this is a civil case the due process requirements required in the context of a criminal case do not apply here. Essentially, the Plaintiff has alleged that she was defamed as a result of the alleged false reports of the Defendants and nothing more. As explained above, defamation is not actionable under Section 1983. *Paul v. Davis*, 424 U.S. 693 (1976). In view of the compelling above arguments, it must follow that the Defendants are entitled to qualified immunity.

    Respectfully submitted by,

    s/ Misha Desai
    Misha Desai, Attorney I.D. #6292695,
    One of the attorneys for the Defendants
    VILLAGE OF FORESTVIEW; DAVID GLENN
    and SGT. GALE both individually and in their
    official capacity as officers of the Village of
    Forestview Police Department; Firefighters
    ANTOS, RIHA, DELORENZO both individually
    and in their official capacity as officers of the
    Village of Forestview Fire Department

    KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
    2860 River Road, Suite 400
    Des Plaines, IL 60018-6009
    Telephone:   847-298-8000
    Facsimile:   847-298-8014
    E-Mail:      mdesai@khkklaw.com

CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on June 23, 2008, the foregoing *Memorandum of Law in Support of Motion to Dismiss* was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Misha Desai**
  mdesai@khkklaw.com

- **Daniel J. Fahlgren**
  dfahlgr@cookcountygov.com

- **Nicholas Constantine Kefalos**
  nkefalos@vernormoran.com

- **William W. Kurnik**
  bkurnik@khkklaw.com

- **John Francis O'Reilly**
  oreillylaw@msn.com

- **Molly Maureen O'Reilly**
  mollyoreillylaw@yahoo.com

s/ Misha Desai
MISHA DESAI, Attorney I.D. #6292695
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, IL 60018-6009
Telephone:  847-298-8000
Facsimile:  847-298-8014
E-Mail:     mdesai@khkklaw.com

5839 Memo Supp MTD 08-06-20

12