IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEANN SEXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO: 2008 C 984 |
| | ) | Judge Kocoras |
| VILLAGE OF FOREST VIEW, an Illinois | ) | Magistrate Judge Valdez |
| municipal corporation, and DAVID GLENN | ) | |
| and SERGEANT GALE, both in their individual | ) | |
| and official capacities as officers of the VILLAGE | ) | |
| OF FOREST VIEW POLICE DEPARTMENT and | ) | |
| FIREFIGHTER ANTOS, FIREFIGHTER RIHA, | ) | |
| FIREFIGHTER DELORENZO, both in their | ) | |
| individual and official capacities as officers of the | ) | |
| VILLAGE OF FOREST VIEW FIRE | ) | |
| DEPARTMENT | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VILLAGE OF BROOKFIELD, an Illinois | ) | |
| municipal corporation, and THOMAS | ) | |
| SCHOENFELD, MICHAEL MANESCALCHI, | ) | |
| JEFFREY LEH, MICHELLE ROBBINS, both in | ) | |
| their individual capacities and official capacities as | ) | |
| officers of the VILLAGE OF BROOKFIELD | ) | |
| POLICE DEPARTMENT | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COUNTY OF COOK, an Illinois municipal | ) | |
| corporation, J. SCOTT DENTON, | ) | |
| INVESTIGATOR ORTIZ, INVESTIGATOR | ) | |
| MENCONI, both in their individual and official | ) | |
| capacities as officers of the COUNTY OF COOK, | ) | |
| OFFICE OF THE MEDICAL EXAMINER | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants, the VILLAGE OF BROOKFIELD, an Illinois municipal corporation, and MICHAEL MANESCALCHI, JEFFREY LEH, MICHELLE ROBBINS, both in their individual capacities and official capacities as officers of the VILLAGE OF BROOKFIELD POLICE DEPARTMENT, by and through their attorneys, O'REILLY LAW OFFICES, and as for their Motion to Dismiss, state as follows:

1. The Plaintiff, Leanne Sexton, was employed as a records clerk with the Village of Brookfield Police Department. On February 1, 2007, she discovered her mother had committed suicide by hanging herself.

2. Plaintiff has alleged that all of the Defendants have conspired to get her fired from her position with the Village of Brookfield Police Department based upon her statements made during the investigation of her mother's death.

3. Plaintiff purports to bring her claims pursuant to 42 U.S.C. §1983 suggesting due process violations in Counts II and IV and equal protection violations in Counts I and III. Plaintiff has brought Count V as a pendant state law claim for defamation.

4. Counts I through IV fail to state a cause of action against these defendants for conspiracy as it fails to suggest any plausible cause of action against these defendants. Count V suggesting a state law cause of action for defamation is not actionable under §1983.

5. Counts I and III fail to state a cause of action because a class-of-one equal protection claim is not cognizable in context of public employment.

6. Counts II and IV fail to state a cause of action as the Plaintiff has made factual allegations on the face of her complaint that establish that her due process rights were not violated in that she was afforded an opportunity to be heard with respect to her employment status prior to her resignation.

7.    Plaintiff's allegations that the Village of Brookfield Police Chief relied upon statements made by the Forest View Police and Fire Departments and the Cook County Medical Examiners Office in scheduling a pre-termination hearing vindicate the Village of Brookfield Defendants from any suggested constitutional violation.

8.    Plaintiff's allegations that the Defendants, Manescalchi, Leh and Robbins, were merely present at the pre-termination hearing brought by the Chief of Police do not give notice to those defendants as to the basis for suggesting they had any alleged involvement in any alleged constitutional violation.

9.    At a minimum, the individual Defendants are entitled to qualified immunity as the pleadings establish that they did not knowingly violate any clearly established constitutional right under the circumstances as alleged.

10.    Count V is barred by the one-year statute of limitations period provided under the Illinois Governmental and Governmental Employees' Tort Immunity Act, 745 ILCS 10/8-101.

WHEREFORE, the Defendants, the VILLAGE OF BROOKFIELD, an Illinois municipal corporation, and MICHAEL MANESCALCHI, JEFFREY LEH, MICHELLE ROBBINS, both in their individual capacities and official capacities as officers of the VILLAGE OF BROOKFIELD POLICE DEPARTMENT, request this matter be dismissed with prejudice and with costs.

Dated: 6-24-2008

By:    /s/ John F. O'Reilly
O'REILLY LAW OFFICES
Attorneys for Certain Defendants
1751 S. Naperville Rd, #101
Wheaton, IL  60187
Telephone:  630/665-4444
Attorney No. 6207408
E-mail:  oreillylaw@msn.com