IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEANN SEXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO: 2008 C 984 |
| | ) | Judge Kocoras |
| VILLAGE OF BROOKFIELD, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DEFENDANTS, VILLAGE OF BROOKFIELD, MICHAEL MANESCALCHI, JEFFREY LEH, AND MICHELLE ROBBINS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

NOW COMES the Defendants, the VILLAGE OF BROOKFIELD, an Illinois municipal corporation, and MICHAEL MANESCALCHI, JEFFREY LEH, MICHELLE ROBBINS, both in their individual capacities and official capacities as officers of the VILLAGE OF BROOKFIELD POLICE DEPARTMENT, by and through their attorneys, O'REILLY LAW OFFICES, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, move to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted. In support thereof, these Defendants state as follows:

**I. INTRODUCTION**

Plaintiff, Leann Sexton, has brought this action against the Village of Brookfield and several individual Brookfield Police Department employees, Thomas Schoenfeld, Michael Manescalchi, Jeffrey Leh and Michelle Robbins. Plaintiff suggests that these Defendants should be held liable under 42 U.S.C. §1983 for alleged violations of equal protection and due process and under Illinois common law for alleged defamation. (First Amended Complaint, pp. 12-14).

Plaintiff's allegations against the Village of Brookfield Defendants are premised upon the Chief of Police's response to reports of her statements made during an investigation of her mother's suicide on February 1, 2007. (First Amended Complaint, pp. 6-12). In support of this motion, movants adopt the statement of facts alleged as it appears in Cook County Defendants' memorandum of law. In addition to the previously stated facts, the Brookfield Defendants point out that the only conduct alleged against Jeffrey Leh, Michelle Robbins was that Police Chief Thomas Schoenfeld conducted an informal meeting with the Plaintiff at which time he requested the presence of Plaintiff's FOP representative and witnesses, Jeffrey Leh, Michelle Robbins. (First Amended Complaint, ¶ 41). Plaintiff fails to allege any conduct against Defendant Manescalchi.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. The Seventh Circuit reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. McCormick v. City of Chicago, et al., 230 F. 3d 319, 323 (7th Cir. 2000), citing Leatherman v. Tarrant County Narcotics Intelligence & Coordinating Unit, 507 U.S. 163, 164 (1993). However, a court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim… " Martin v. Davies, 917 F.2d 336, 341 (7th Cir. 1990), quoting Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the fact of the complaint. Coates v. Illinois St. Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1988).

## III. ARGUMENT

**A. Plaintiff has not alleged any acts or omissions by Defendants sufficient to state a Section 1983 Individual Capacity Claim or a State Law Defamation claim**

2

Plaintiff sues Defendants in their individual and official capacities. (First Amended Complaint) Plaintiff does not allege any individual involvement by Michael Manescalchi. With respect to Jeffrey Leh and Michelle Robbins Plaintiff cannot allege any individual involvement other than their presence at an informal meeting with the Plaintiff at which time the Chief requested the presence of Plaintiff's FOP representative and witnesses, Jeffrey Leh, Michelle Robbins. (First Amended Complaint, ¶ 41). For this reason, Michael Manescalchi, Jeffrey Leh and Michelle Robbins should be dismissed from this case.

To hold a Defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. Potter v. Clark, 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that *"an individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993), citing Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). A Plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action of his failure to act." Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986) Plaintiff's allegations must be substantive and go beyond merely placing a defendant's name in the caption of the complaint, Potter v. Clark, 497 F. 2d 1206 (7th Cir. 1974). A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. Rizzo v. Goode, 423 U.S. 362, 377, (1976).

There are no allegations that Michael Manescalchi, Jeffrey Leh and Michelle Robbins participated in the alleged violations of Plaintiff's constitutional rights. There are no allegations that Michael Manescalchi, Jeffrey Leh and Michelle Robbins acted, or failed to act, with reckless

3

disregard for the Plaintiff's constitutional rights. In fact, Plaintiff only alleges that Jeffrey Leh and Michelle Robbins merely served as witnesses along with an FOP representative at an informal meeting with the Plaintiff. (First Amended Complaint, ¶ 41). Finally, Plaintiff makes no allegations of conduct against Michael Manescalchi, Jeffrey Leh and Michelle Robbins which could give rise to a defamation claim.

Since Plaintiff cannot state a cause of action against Michael Manescalchi, Jeffrey Leh and Michelle Robbins in their individual capacities, the First Amended Complaint should be dismissed against Michael Manescalchi, Jeffrey Leh and Michelle Robbins.

**B. Plaintiff has not stated a Section 1983 Claim against the Village of Brookfield Defendants for conspiracy.**

Plaintiff fails to state a claim for conspiracy. A complaint must always allege enough facts to state a claim to relief that is plausible on its face to avoid dismissal for failure to state claim, and how many facts are enough will depend on the type of case. Limestone Development Corp. v. Village of Lemont, Ill., 520 F.3d 797, (C.A.7 Ill. April 01, 2008). Here, Plaintiff purports to suggest a complex conspiracy claim without making any allegations against the Brookfield Defendants which would come close to suggesting that any Brookfield Defendant either conspired or engaged in any conduct in furtherance of a conspiracy. The Seventh Circuit has observed that, though not subject to heightened pleading per se, a conspiracy claim "differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant." Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir.2006). Accordingly, "courts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy." *Id.* Plaintiff's conclusory allegation that all Defendants conspired against her does not give rise to a conspiracy claim. Accordingly, this Court should

4

dismiss Plaintiff's complaint as the Plaintiff cannot state a plausible cause of action against the Brookfield Defendants for conspiracy.

**C. Plaintiff's purported class-of-one equal protection claim is not cognizable in context of public employment.**

The Supreme Court has recently clarified the law in Engquist v. Oregon Dept. of Agriculture, --- S.Ct. ----, 2008 WL 2329768 (U.S.), 76 USLW 4367, 27 IER Cases 1121, (June 9, 2008) holding that the class-of-one theory of equal protection has no application in the public employment context. Engquist, 2008 WL 2329768 at p. 11. Accordingly, Plaintiff's class of one equal protection claims must fail.

**D. Since Plaintiff has alleged facts which establish that she was afforded due process in the form of pre-termination hearing, Counts II and IV fail to state a claim upon which relief could be granted.[1]**

**E. The Brookfield Defendants are entitled to Qualified Immunity from Plaintiff's Section 1983 Claims**

Brookfield Defendants are entitled to qualified immunity because the alleged conduct of Michael Manescalchi, Jeffrey Leh and Michelle Robbins cannot be construed as violating any conceivable clearly established constitutional right enjoyed by Plaintiff. Qualified immunity protects government officials from monetary liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Kitzman-Kelley v. Warner, 203 F.3d 454, 457 (7th Cir. 2000), citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity provides not only a defense to liability but also immunity from suit. *Id., citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). This protection is afforded public officials in order to protect them from the expenses of litigation and the diversion

---

[1] The Brookfield Defendants adopt the arguments set forth in the memorandum of law submitted in support of the Forest View Defendants' motion to dismiss.

5

of official energy from pressing public issues, and the deterrence of able citizens from accepting public office. *Id*.

Jeffrey Leh and Michelle Robbins are alleged to have served as witnesses along with an FOP representative at an informal meeting with the Plaintiff. (First Amended Complaint, ¶ 41).

Plaintiff titles her claims as Equal Protection and Due Process Claims, without alleging any basis for holding the Brookfield Defendants liable for violating those rights. Plaintiff merely states that the "acts of the defendants" violated her rights.

Qualified immunity serves as an independent basis for the dismissal of an action and as its application is appropriate even before discovery has taken place. Accordingly, the County Defendants request that Plaintiff's First through Fourth claims of the First Amended Complaint be dismissed as against them.

## F.  The Illinois Tort Immunity Act One-Year Statute of Limitations applies to Plaintiff's Illinois Law Claim-The Fifth Claim should be dismissed as untimely

Defendants move to dismiss Count V brought under Illinois Law for defamation, libel, slander and false light as untimely. In Count V of her First Amended Complaint, Plaintiff alleges that defendants' actions were "defamatory, libelous, slander and otherwise [held] Plaintiff out to the public in false light." This claim is brought under Illinois tort law. The Village of Brookfield and its employees are entitled to the immunities set forth in the Local Governmental and Governmental employees Tort Immunity Act (Tort Immunity Act) 745 ILCS 10/1-101 *et seq.* The Tort Immunity Act sets a one-year time limit for the filing of civil actions against Local Governmental entities and their employees. 745 ILCS 10/8-101. This provision contains no exceptions, limitations or conditions, and the Court should apply it as written. Hernandez v. Kirksey, 306 Ill.App.3d 912, 914-915, 715 N.E. 2d 669, 672 (1st Dist. 1999).

The statue of limitations on the state law claim in Count V began running when Plaintiff knew or reasonably should have known of the injury that is the basis of the action.  Wilson v. Gieson, 956 F.2d 738, 740 (7th Cir. 1992).  Plaintiff alleges that on February 12, 2007 the Police Chief published and distributed a memorandum to all personnel indicating that Plaintiff was placed on Administrative Leave.  Therefore, even if Plaintiff has sufficiently plead a cause of action which these Defendants submit she has not, by February 12, 2007 the one-year statute of limitations as stated in the Immunity Act began to run.  Accordingly, by the time Plaintiff filed the original complaint in this case on February 15, 2008  (ECF document 1), the applicable statute had already expired on February 12, 2008.  Therefore, the state law claims in Count V should be dismissed.

### IV CONCLUSION

Wherefore, for all of the reasons stated above, the First Amended Complaint should be dismissed against Defendants, VILLAGE OF BROOKFIELD, MICHAEL MANESCALCHI, JEFFREY LEH, and MICHELLE ROBBINS with prejudice and with costs.

Dated: 6-24-2008

By:   /s/ John F. O'Reilly
O'REILLY LAW OFFICES
Attorneys for Certain Defendants
1751 S. Naperville Rd, #101
Wheaton, IL  60187
Telephone:  630/665-4444
Attorney No. 6207408
E-mail:  oreillylaw@msn.com